IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MARYSE LAROSE DAWSON, | : |
| | : Case No. 2:21-cv-3478 |
| **Plaintiff,** | : |
| | : Chief Judge Algenon L. Marbley |
| v. | : |
| | : Magistrate Judge Chelsey M. Vascura |
| | : |
| LOCAL 189 UNITED ASSOCIATION | : |
| OF PLUMBERS AND PIPEFITTERS | : |
| | : |
| **Defendant.** | : |

**OPINION & ORDER**

This matter is before this Court on Defendant Local 198 United Association of Plumbers and Pipefitters' ("Local 189") Motion to Dismiss. (ECF No. 6). Given the following analysis, Defendant's Motion is **GRANTED in part and DENIED in part**. Plaintiff's Complaint is hereby **DISMISSED without prejudice**.

**I. BACKGROUND**

The Local 189 Plumbers and Pipefitters Joint Apprenticeship Training Committee ("JATC") is a training program jointly funded and administered by Local 189 and the Mechanical Contractors Association of Central Ohio (the "Association"). (ECF No. 6 at 3). Local 189, JATC, and the Association are all separate legal entities with separate locations, separate leadership, and separate tax identification numbers. (*Id*.).

In approximately March 2018, Plaintiff Maryse Dawson applied to JATC's Apprenticeship Program. (ECF No. 7 at 10). As part of that application, Ms. Dawson was required to complete the Differential Aptitude Test ("DAT") at the Plumbers & Pipefitters Training School in Columbus, Ohio. (*Id*.). "[The] test is intended to determine [an applicant's] manual dexterity regarding the

1

usage of tools, following instructions, familiarity of hardware nomenclature, and an ability to remove and reinstall fasteners without losing any parts; while using a limited number and type of tools." (*Id.*). While Plaintiff's DAT score earned her an oral interview, she did not receive a top fifty interview score and, as a result, was denied admission. (*Id.* at 14).

On December 7, 2018, Plaintiff filed a Charge of Discrimination with the Ohio Civil Rights Commission ("OCRC") alleging that JATC denied her admission based on age, and that she was subjected to other adverse employment action based on sex. (ECF No. 7-1 at 16). Plaintiff did not accuse Local 189 or the Association of discrimination. The charge was also filed with the U.S. Equal Employment Opportunity Commission ("EEOC"); the EEOC and the OCRC cooperated to investigate Plaintiff's allegations. (ECF No. 6-1 at 27). After completing the investigation, the OCRC found it was probable that JATC engaged in an unlawful discriminatory practice and scheduled the matter for conciliation. (ECF No. 7 at 20). The Ohio Attorney General's Office then advised Plaintiff that OCRC and JATC had reached a Conciliation Agreement, that "the Commission [would] not be moving forward with its case," and that Plaintiff was "free to engage in whatever other legal actions that may be available to [her]." (ECF No. 1 at 5). On March 10, 2021, the EEOC sent Plaintiff a Dismissal and Notice of Rights, adopting the findings of the OCRC, and notifying Plaintiff of her right to sue. (*Id.* at 6).

Plaintiff, proceeding *pro se*, filed this case on June 14, 2021, against Local 189. (ECF No. 1). After service was effectuated (ECF No. 3), Local 189 moved to dismiss on October 8, 2021. (ECF No. 6). Plaintiff responded on October 29, 2021 (ECF No. 7), and Local 189 timely replied (ECF No. 10), making the Motion ripe for review.

2

## II. LEGAL STANDARD

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). Nevertheless, "basic pleading essentials" still are required. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Among such essentials are the obligations under Federal Rule of Civil Procedure 8(a) to provide "a short and plain statement of the grounds for the court's jurisdiction," and "a short and plain statement of the claim showing that the pleader is entitled to relief."

Federal Rule of Civil Procedure 12(b)(1) provides that a defendant may move to dismiss based on a court's lack of jurisdiction over the subject matter of the case. Jurisdiction in the federal courts is limited: it may be based on a federal question, which is one "arising under the Constitution, laws, or treaties of the United States," or on diversity of citizenship where the sum in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332. The plaintiff has the burden of proving subject matter jurisdiction when it is challenged under Rule 12(b)(1). *Rogers v. Stratton Indus.*, 798 F.2d 913, 915 (6th Cir. 1986). Where a motion to dismiss presents alternative arguments, such as improper venue or failure to state a claim, the court must address subject matter jurisdiction first. *City of Heath v. Ashland Oil, Inc.*, 834 F. Supp. 971, 975 (S.D. Ohio 1993).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted "is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations." *Golden v. City of Columbus*, 404 F.3d 950, 958–59 (6th Cir. 2005). When evaluating such a motion, "[a]ll factual allegations in the complaint must be presumed to be true, and reasonable inferences must be made in favor of the non-moving party." *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*,

552 F.3d 430, 434 (6th Cir. 2008). But the court need not accept unwarranted factual inferences. *Id.* Complaints must state "more than a bare assertion of legal conclusions to survive a motion to dismiss." *Horn v. Husqvarna Consumer Outdoor Products N.A., Inc.*, 2013 WL 693119, at *1 (S.D. Ohio Feb. 26, 2013) (internal citations omitted). A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The claim to relief must be "'plausible on its face,'" with "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

## III. LAW AND ANALYSIS

Defendant's position is straight forward: Plaintiff has sued the wrong entity; she was granted the right to sue JATC, not Local 189. (ECF No. 6 at 5). Relying on Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), Defendant argues that Plaintiff's failure to name the proper party, constitutes either a failure to exhaust or a failure to state a claim. (*Id*. at 4, 6). Defendant maintains that the administrative record and the Conciliation Agreement illustrate that JATC, not Local 189, was the subject of the OCRC's investigation. (*Id*. at 3). The Conciliation Agreement, argues Defendant, explicitly states that it is between the OCRC and "Joint Apprentice Committee of Plumbers & Pipefitters." (*Id*.). Local 189 is not mentioned in the Conciliation Agreement. (*Id*.). Accordingly, because it is a separate legal entity from JATC, Defendant asserts that Plaintiff has sued the wrong party and her case should be dismissed. (*Id*. at 8).

Plaintiff argues that her case is properly before this Court because "a substantial part of the events or omissions giving rise to the claim occurred" in this District and the case "raises a federal question." (ECF No. 7 at 3). She represents that she filed her OCRC complaint in good faith and in compliance with applicable statutory and administrative requirements. (*Id*. at 2). Plaintiff argues

4

that because her case was dually filed with the EEOC and she received a right-to-sue letter, she has fully exhausted her administrative remedies. (*Id*.). While Plaintiff does not directly respond to Defendant's "improper party" argument, she does note that the Ohio Secretary of State allegedly shows a business name filing only for Local 189, not JATC. (*Id*.).

Before this Court delves into Defendant's Motion, it first addresses a preliminary matter regarding the consideration of evidence. Generally, a Court may only consider the Complaint, and documents attached thereto, when ruling on a motion to dismiss. *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir. 2007) (citing Fed. R. Civ. P. 10(c)). Furthermore, where "a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment." *Id*. at 335–36; *Young v. Int'l Union*, 148 F. Supp. 3d 602, 611 (E.D. Mich. 2015) ("This is especially relevant . . . where [p]laintiffs provide no documents with their [c]omplaint, yet reference a plethora of agreements and correspondence that are central to their claims."). "A court may [also] consider matters of public record . . . without converting the motion to one for summary judgment." *Commercial Money*, 508 F.3d at 335. Upon review of the materials relied on by the parties in the briefing on Defendant's Motion, this Court finds that they are matters of public record and/or central to Plaintiff's claims. As such, this Court will consider these limited documents outside the Complaint without converting Defendant's motion to one for summary judgment.

### A. Fed. R. Civ. P. 12(b)(1)

"The exhaustion of administrative remedies is a condition precedent to a Title VII . . . action." *Williams v. Northwest Airlines, Inc.*, 53 Fed. Appx. 350, 351, 2002 WL 31856089, at *1 (6th Cir. 2002). Because exhaustion is non-jurisdictional, however, a motion to dismiss based upon the failure to exhaust should be brought under Rule 12(b)(6), rather than under 12(b)(1). *Waller v.*

*DaimlerChrysler Corp.*, 391 F.Supp.2d 594, 597 (E.D. Mich. 2005); *Hill v. Nicholson*, 2010 WL 2640261, *3 (6th Cir. June 24, 2010) ("[E]xhaustion is not a jurisdictional prerequisite[.]").

Defendant's reliance on Fed. R. Civ. P. 12(b)(1) is misplaced. Because Defendant is arguing that Plaintiff failed to exhaust her administrative remedies (*see* ECF No. 6 at 4–6), its Motion is more appropriately brought under Fed. R. Civ. P. 12(b)(6). Accordingly, Defendant's Motion to Dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) is **DENIED**. *See Waller v. DaimlerChrysler Corp.*, 391 F. Supp. 2d 594, 597 (E.D. Mich. 2005) (because exhaustion is non-jurisdictional, dismissal for failure to exhaust should not be bought under Rule 12(b)(1)).

**B. Fed. R. Civ. P. 12(b)(6)**

Alternatively, pursuant to Fed. R. Civ. P. 12(b)(6), Defendant argues Plaintiff's failure to name the proper party, necessarily means she has failed to state a claim upon which relief can be granted. (ECF No. 6 at 8). This Court agrees.

As established above, an individual may not file a discrimination suit under Title VII without first filing an administrative charge with the EEOC or the appropriate state or local agency. *Williams v. NW. Airlines, Inc.*, 53 F. App'x 350, 351–52 (6th Cir. 2002) (citation omitted). And, should the EEOC dismiss the charge and issue a right-to-sue letter, a plaintiff has 90 days to file a civil action. *Id*. at 352 (citing 42 U.S.C. § 2000e-5(f)(1)). If a plaintiff initiates a civil action without first receiving a right-to-sue letter, the court must dismiss "the premature action for failure to exhaust administrative remedies." *Mitchell v. Chapman*, 343 F.3d 811, 820, n. 10 (6th Cir. 2003) (citing *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)). Similarly, an action initiated beyond the 90-day period may also be dismissed for failure to exhaust. *Botter v. Tuesday Morning*, No. 1:18-CV-00847, 2019 WL 2452987 *3 (S.D. Ohio June 12, 2019) (citing *Williams*, 53 F. App'x at 351).

While this case does not squarely fit within the traditional exhaustion framework, the analysis (and result, in this instance) is fundamentally the same. Throughout the administrative process, Plaintiff repeatedly alleged she was discriminated by the Plumbers and Pipefitters Joint Apprenticeship Training Program—the JATC. The documents in the administrative record illustrate as much. (ECF No. 6-1 at 15 (Plaintiff's OCRC Charge of Discrimination alleging JATC's "interviewing process could easily mask discrimination"); *id*. at 19 (the OCRC discrimination charge notice, issued to "Plumbers and Pipefitters Local Union 189 Joint Apprenticeship and Journeyman Training Committee School"); ECF No. 7 at 20 (OCRC's Letter of Determination, naming respondent as "Joint Apprentice Committee of Plumbers and Pipefitters"); ECF No. 6-1 at 30 (the Conciliation Agreement and Consent Order between OCRC and JATC); ECF No. 1 at 5–6 (OCRC and EEOC noticing that neither would be moving forward with Plaintiff' case, and granting her right-to-sue JATC)).

As evidenced by this lengthy administrative record, all of which is public record, Plaintiff fully exhausted her administrative remedies and timely filed suit in this Court after receiving a right-to-sue letter from the EEOC. Had Plaintiff sued JATC, dismissal would be improper. But JATC and Local 189 are distinct legal entities. *See* Ohio Secretary of State, Business Details, https://businesssearch.ohiosos.gov?=businessDetails/2281954 (last visited August 4, 2022); Ohio Secretary of State, Business Details, https://businesssearch.ohiosos.gov?=businessDetails/2275727 (last visited August 4, 2022). And because exhaustion involved JATC and not Local 189, Plaintiff's Complaint fails to state a claim upon which relief can be granted. Said differently, because Plaintiff did not administratively exhaust against *this entity* (Local 189), she cannot be awarded relief against it.

7

Accordingly, Defendant's Motion to Dismiss for failure to state a claim under Rule 12(b)(6) is **GRANTED**, and Plaintiff's Complaint shall be **DISMISSED without prejudice**, subject to refiling.

### IV. CONCLUSION

Pursuant to the foregoing analysis, Defendant's Motion (ECF No. 6) is **GRANTED in part and DENIED in part**. Plaintiff's Complaint is **DISMISSED without prejudice**.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: August 15, 2022**